# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH RUSSELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:25-cv-00825** |
| | ) | **Judge Aleta A. Trauger** |
| DEBBIE HOUSEL *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Plaintiff Deborah Russell, who proceeds *pro se*, brings claims against numerous defendants based on their allegedly conspiring in the malicious prosecution of false criminal charges against the plaintiff. (*See* Second Am. Compl. ("SAC"), Doc. No. 36.) The plaintiff brings claims under 42 U.S.C. § 1983 and state law for violations of her civil rights as protected by the federal and Tennessee constitutions, along with various other state law claims. (*See id.* at 77–78.)

On March 30, 2026, Magistrate Judge Evans filed a Report and Recommendation ("R&R") (Doc. No. 80) recommending that (1) the Motions to Dismiss filed by defendants Debbie Housel, Jeff Bills, Jason Steinle, and the State of Tennessee (Doc. Nos. 45, 52 ) be granted and the claims against these defendants be dismissed without prejudice, for lack of subject matter jurisdiction; (2) the Motions to Dismiss filed by defendants Terrance McBride, Barbara Latimer, E.D. Latimer, Jonathan Jacob Cole, and the "Metropolitan Nashville Davidson County Government" (named thus in the SAC) (Doc. Nos. 38, 46, 47) be granted and the claims against these defendants be dismissed with prejudice, for failure to state a claim for which relief may be granted; (3) defendant Jonathan Cole's Motion to Strike (Doc. No. 64) be denied; (4) the plaintiff's Motion for Injunctive

Relief (Doc. No. 54) be denied; (5) the plaintiff's Motion to Amend and Motion to Consolidate (Doc. Nos. 56, 57) be denied; and (6) the plaintiff's Motion for Substitution (Doc. No. 75) be denied as moot.

No party filed objections to the recommendation that Jonathan Cole's Motion to Strike be denied. That recommendation will be affirmed, and the Motion to Strike dismissed, without discussion.[1]

The plaintiff, however, in response to the R&R, filed her 183-page Objections (Doc. No. 87), along with a Memorandum of Law in support of those Objections (Doc. No. 88). She also filed a Motion for Leave to Present New Evidence Material to Plaintiff's Objections (Doc. No. 89), Motion to Supplement Plaintiff's Motion for Leave to Present New Evidence (Doc. No. 91), and Motion for Second Supplement to Plaintiff's Motion for Leave to Present New Evidence (Doc. No. 97). Several of the defendants filed Responses to the plaintiff's Objections (Doc. Nos. 90, 93), as well as Responses in opposition to the plaintiffs' Motion and supplemental Motions for Leave to Present New Evidence, while the plaintiff filed Reply briefs in further support thereof. In addition, the plaintiff filed a Motion to Strike defendant Cole's Response to her Objections (Doc. No. 94), and that motion, too, has been exhaustively briefed.

As set forth herein, the court will overrule the plaintiff's Objections, accept the R&R's recommendations, grant the Motions to Dismiss, and dismiss this case. All remaining motions will be denied.

## I.       MOTION TO STRIKE

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure, which

---

[1] The Motion to Strike is not a dispositive motion requiring a report and recommendation, but the Magistrate Judge nonetheless included all pending motions under the R&R umbrella.

specifically contemplates striking "redundant, immaterial, impertinent, or scandalous matter" from *pleadings*. Fed. R. Civ. P. 12(f). Rule 12(f) does not address striking other court filings. Even where they are authorized, motions to strike are viewed with disfavor and are not frequently granted. *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted).

At the same time, the district courts' inherent power to control their dockets entails the discretion to strike documents or portions of documents. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Am. C.L. Union of Ky. v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010). They also have the ability to simply ignore irrelevant, inadmissible, unsupported, or redundant material. *Doe by Doe v. Piraino*, 688 F. Supp. 3d 635, 666 (M.D. Tenn. 2023) (citation omitted).

Nonetheless, the plaintiff's Motion to Strike (Doc. No. 94) is not well taken, borders on the frivolous, and will be denied without further discussion.

## II.     MOTIONS FOR LEAVE TO SUBMIT NEW EVIDENCE

The plaintiff's Motion for Leave to Present New Evidence Material to Plaintiff's Objections and her two motions to supplement that motion (Doc. Nos. 89, 97, and 97) will be denied in the exercise of the court's discretion. These motions were filed outside the deadline for objections to the R&R. Moreover, while the court has the discretion to consider new evidence, "that discretion must be exercised sparingly." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008); *see also Blackwell v. McCord*, No. 3:13-cv-0739, 2016 WL 3444502, at *1 (M.D. Tenn. June 23, 2016) ("It is not in the interest of justice to allow a party to wait until the Report and Recommendation . . . has been issued and then submit evidence that the party had in its possession but chose not to submit. Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." (quoting *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998))).

The plaintiff seeks to introduce "new evidence" that she believes "proves" her claims. (Doc. No. 89 at 1.) The plaintiff, however, fails to establish the relevance of this new evidence. The court further notes that, on a motion to dismiss, the court is to consider only the allegations alleged in the pleading or referenced and relied upon therein, unless the motion is to be converted into one for summary judgment. Fed. R. Civ. P. 12(d). The plaintiff's original Motion for Leave and first Motion to Supplement (Doc. Nos. 89, 91) are denied on that basis. Her Motion for Second Supplement to Plaintiff's Motion for Leave to Present New Evidence (Doc. No. 97) seeks to present only a new United States Supreme Court opinion, *Hunter v. United States*, 146 S. Ct. 1702 (June 18, 2026). A judicial opinion does not constitute "evidence," and this particular ruling does not appear to have any relevance to this case. Regardless, no motion is necessary, because the court may take judicial notice of a Supreme Court opinion.

The court declines to consider new evidence in addressing the plaintiff's Objections, and her Motion for Leave and supplemental motions (Doc. Nos. 89, 91, and 97) will be denied.

## III. STANDARD OF REVIEW – OBJECTIONS TO AN R&R

If a party files "specific written objections" to an R&R on a dispositive matter, the district judge must consider those objections and determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1). However, the district court is not required to review those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court generally should accept the magistrate judge's findings and rulings to which no specific objection is filed, *id.* at 151, so long as the court is "satisf[ied] that there is no clear error on the face of the record," Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x

354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). At the same time, however, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Moore v. Prevo*, 379 F. App'x 425, 428 n.6 (6th Cir. 2010). In addition, as set forth above, while the court has the discretion to consider new evidence, "that discretion must be exercised sparingly." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## IV.     THE MOTIONS TO DISMISS

### A.     Background

As catalogued in the R&R, the "sprawling allegations" in Russell's SAC purport to set forth claims for "(i) defamation, (ii) slander, (iii) libel, (iv) false arrest, (v) false imprisonment, (vi) conspiracy, (vii) obstruction of justice, (viii) extortion and coercion, (ix) threat and intimidation, (x) harassment, (xi) stalking, (xii) invasion of privacy, (xiii) intentional infliction of physical bodily injury by exposure to a deadly virus, and mental and emotional distress, (xiv) tortious interference with Plaintiff's business, (xv) theft of medical documents, (xvi) interference

with religious practices, (xvii) abuse of court processes for the purpose of obstructing timely due process, (xviii) malicious prosecution, and (xix) fabrication of evidence." (Doc. No. 80 at 2 (citing SAC at 4–5).) These claims arise from the defendants' involvement in the prosecution of perjury charges against Russell, initiated in the General Sessions Court for Metropolitan Nashville and Davidson County, *Tennessee v. Russell*, Nos. GS921547, GS921548 (Metro. Nashville & Davidson Cnty. Gen. Sessions Ct.) (the "underlying prosecution"),[2] which Russell claims were brought against her as a defense to an ongoing federal lawsuit involving the alleged theft of the plaintiff's property ("theft case"), *Russell v. Tanner*, 3:20-cv-01028 (M.D. Tenn.)).[3] Also referenced in the SAC is the "mortgage fraud case" the plaintiff pursued in state court against mortgage lender HSBC, in which HSBC was represented by Jonathan Cole. (*See, e.g.*, SAC at 35.) *See generally Russell v. Household Mortg. Servs., Inc.*, No. M2023-00696-COA-R3-CV, 2024 WL 2208630, at *1–4 (Tenn. Ct. App. May 16, 2024) (summarizing history of the case and a related case).[4]

---

[2] Following the jury verdicts finding Russell guilty of perjury in July 2024, the Davidson County Criminal Court, with Russell's consent, placed Russell on four years of probation for judicial diversion in May 2025, which was later reduced to three years. (*See* Doc. No. 58-16 (Oct. 31, 2025 Davidson County Criminal Court Order summarizing history of proceedings and reducing the term of unsupervised probation to three years); *see also* Doc. No. 46-1 (criminal judgments).) Judicial diversion means that the court delays entry of judgment, and, if the defendant completes her probation, judgment is never entered. Tenn. Code Ann. § 40-35-313.

[3] The underlying theft lawsuit was stayed in 2022 and has been administratively closed since early 2024. Order, *Russell v. Tanner*, 3:20-cv-01028 (M.D. Tenn. Jan. 24, 2024), ECF No. 177.)

[4] To be clear, the facts and proceedings in the theft and the mortgage fraud cases are not relevant here, but the plaintiff refers to them repeatedly, so familiarity with their existence is necessary to a basic understanding of this case.

There are nine defendants named in this case: the State of Tennessee (the "State");[5] the Metropolitan Nashville Davidson County Government [sic] ("Metro");[6] Debbie Housel, Assistant District Attorney for the 20th Judicial District of Tennessee and an employee of the State, named in both her official capacity and her individual capacity; Terrance McBride, a police officer with the Metropolitan Nashville Police Department ("MNPD") and an employee of Metro, named in both his official capacity and his individual capacity; Jeff Bills, a court officer with the Davidson County Criminal Court and a Metro employee, named in both his official capacity and his individual capacity; Jason Steinle, a law clerk with the Davidson County Criminal Court and a Metro employee, named in both his official capacity and his individual capacity; Barbara Latimer and E.D. ("Eddie") Latimer ("the Latimer defendants"), as holders of power-of-attorney / executors / conservators of the Estate of Carol E. Tanner and Thomas D. Tanner; and Jonathan Jacob Cole, a licensed attorney. (*See* SAC at 1–2.) Russell asserts that each defendant "participated in and [is] individually and/or collectively responsible for conspiring, fabricating, and filing and the malicious prosecution of the false criminal charges" against her in state court. (Doc. No. 36 at 3.) The SAC also identifies as a defendant "STATE OF TENNESSEE as Administrator/ Administrative Offices of the Court(s) for the State of Tennessee as employers/supervisors of conduct of members of the judiciary, courts of record, employees, agents, managers, court clerks, court officers and authorities, custodians of repositories receiving, entering, securing and maintaining custody of public court and judicial records." (SAC at 1.)

In response to the filing of the SAC, the nine defendants collectively filed the five separate Motions to Dismiss referenced above, to which the plaintiff filed an Omnibus Response (Doc. No.

---

[5] The State was not added as a defendant until the plaintiff filed the SAC.

[6] Metro was added as a defendant in the first Amended Complaint (Doc. No. 13).

58). Two sets of defendants filed Replies (Doc. Nos. 59, 60) and the plaintiff filed an unauthorized Sur-reply (Doc. No. 74). Defendant Cole filed a Reply and a Motion to Strike the Omnibus Response (Doc. No. 64), to which the plaintiff filed a Response in opposition (Doc. No. 73). The plaintiff also filed a Motion for Injunctive Relief. (Doc. No. 54.) All of the defendants opposed the Motion for Injunctive Relief (Doc. Nos. 62, 63, 67, 68), and the plaintiff filed Replies (which also, as the Magistrate Judge noted, functioned as sur-replies in opposition to the Motions to Dismiss)[7] (Doc. Nos. 71, 72, 74, 77). The plaintiff subsequently filed a Motion to Amended [sic] Complaint (Doc. No. 56), to which she did not attached a proposed amended pleading, and a Motion to Consolidate Related Cases (Doc. No. 57). A few weeks later, she filed a Motion for Substitution of Defendants (Doc. No. 75). These motions, too, have been fully briefed. (*See* Doc. Nos. 61, 66, 69, 70, 74, 75, 76, 78, 79.)

**B.      The R&R**

Some of the defendants filed exhibits with their Motions to Dismiss, but these largely consist of public records and court filings of which the court may take judicial notice. (*See, e.g.*, Doc. Nos. 47-1 through 47-3.) The plaintiff filed numerous exhibits with her Omnibus Response (Doc. Nos. 58-1 through -17), at least some of which also appear to be documents of which the court may take judicial notice without converting the motions into motions under Rule 56. *See* Fed. R. Civ. P. 12(d). The Magistrate Judge, however, did not appear to consider the underlying documents, relying instead entirely on the allegations in the SAC. And he cited the Rule 12(b)(6) standard as requiring him to "construe the complaint in the light most favorable to the plaintiff,

---

[7] The Magistrate Judge noted that the plaintiff's sur-replies were unauthorized but exercised his discretion to consider them anyway. (*See* Doc. No. 80 at 13.)

accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." (Doc. No. 80 at 8 (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).)

The Latimer defendants are sued in their individual capacity and as the holders of a power of attorney over Carol Tanner (not a named party). Their Memorandum of Law (Doc. No. 38-1) in support of their Motion to Dismiss construes the SAC as attempting to set forth claims against them for theft of intellectual property, defamation, and conspiracy to interfere with civil rights under 42 U.S.C. § 1985, along with various criminal causes of action under federal and state law. The R&R recommends that the claims against the Latimer defendants be dismissed under Rule 12(b)(6) for failure to allege facts sufficient to state a colorable claim of any kind. Further, insofar as the plaintiff alleges that Barbara Latimer falsified an official court document, specifically a victim impact statement, the Magistrate Judge finds that she must be accorded absolute immunity as a witness in a judicial proceeding. (Doc. No. 80 at 14–15.)

Regarding defendant McBride, the R&R finds that the SAC sets forth nothing more than conclusory allegations of a conspiracy and that, insofar as the conclusory allegations in the SAC are intended to state a claim based on perjured testimony, McBride is entitled to absolute witness immunity. (*Id.* at 15–16.)

The claims against defendants Bills and Steinle are based on their allegedly having knowingly and intentionally violated the constitutional rights of the plaintiff's friend, Ms. O'Dell. (*See* SAC at 70–74.) The Magistrate Judge recommends that these claims be dismissed for lack of subject matter jurisdiction, based on the plaintiff's lack of standing to bring claims on behalf of

her friend. (Doc. No. 80 at 16.) The R&R recommends that the claims against Metro be dismissed based on sovereign immunity or for failure to state a claim for which relief may be granted.[8]

The plaintiff alleges that defendant Jonathan Cole was the "mastermind" behind the conspiracy against her. The R&R recommends dismissal of the claims against Cole on the grounds that the SAC fails to allege actual facts to support them. (*Id.* at 17.)

The R&R finds that the claims against Housel are based on conclusory, unsupported assertions that Housel failed to properly elect offenses, solicited perjured testimony, failed to produce material evidence, improperly slandered the plaintiff's character before the trial judge, and improperly offered to drop the perjury charges against the plaintiff if she agreed to dismiss the theft lawsuit. (*See id.* at 17–18 (citing SAC at 9–10, 18, 43, 48, 51, 57).) The plaintiff alleges that Housel knew about and "engaged in unethical exploitation, abuse and manipulation of her knowledge of Judge Blackburn's mental incompetence" (SAC at 23) and that the multiple delays in the perjury proceedings over the course of five years violated Russell's right to a speedy trial and were deliberately caused by Housel in order to take advantage of Carol Tanner's advancing dementia (*id.* at 6, 8, 47, 51). The R&R recommends that the claims against Housel in her official capacity, as an agent for the State, be dismissed based on Eleventh Amendment immunity and that the claims against her in her individual capacity be dismissed on the grounds of absolute prosecutorial immunity. (Doc. No. 80 at 18–19.)

Finally, the Magistrate Judge recommends that the claims against the State be dismissed as barred absolutely by the Eleventh Amendment. (*Id.* at 19.)

---

[8] The R&R also observes, without explanation, that Metro may be entitled to sovereign immunity. Metro, however, is a "person" that may be subject to suit under 42 U.S.C. § 1983 and is not entitled to sovereign immunity. Although the plaintiff does not raise a specific objection here, the court declines to adopt that portion of the R&R suggesting that Metro may be entitled to sovereign immunity.

## C.     The Plaintiff's Objections

The plaintiff filed her "Objections to All Dispositive and Non-Dispositive Matters in Magistrate Judge's Report & Recommendations" (Doc. No. 87) as well as a Memorandum of Law in support of her Objections. The first document is 183 pages long. On page 2, the plaintiff states that her filing is "intended to be respectful of the Court's time while thoroughly addressing all objections to the Report." (Doc. No. 87 at 2.) She also states that she is aware that the court's Local Rules limit any memorandum supporting a motion must be limited to twenty-five pages but points out that no rule limits the number of pages for objections. (*Id.*) The court finds that the plaintiff's Objections are unnecessarily long and repetitive but has nonetheless considered the document in its entirety. The court has also considered the Memorandum, which largely reiterates legal standards already set forth in the Objections and reemphasizes several of the Objections.

The court finds, in short, that the plaintiff fails to raise any proper objections to the Magistrate Judge's summary of the facts as set forth in the SAC or to his legal rulings. The court, therefore, will overrule all of the objections directed to the R&R's recommendations pertaining to the Motions to Dismiss. The specific objections that pertain to the R&R's recommended rulings on the Motions to Dismiss, and the court's disposition of them, are as follows.

*Objection 1: The Magistrate Judge failed to comply with Rule 72 and 28 U.S.C. § 636(1)(b).*

The plaintiff here primarily objects to the Magistrate Judge's decision not to hold a hearing on the underlying motions. In addition, she bundles within this objection a number of arguments repeated numerous times throughout her objections: that the Magistrate Judge makes recommendations that are "a compilation of assumptions of facts not in evidence," "relies on the extrinsic matters and documents attached to Defendants' motions but doesn't take account of plaintiff's exhibits," focuses on "immaterial issues," arbitrarily alters "correct legal terminology,"

and generally fails to comply with applicable legal precedents and established standards of review." (Doc. No. 87 at 50–51.)

Insofar as the plaintiff objects to the Magistrate Judge's decision not to hold a hearing, that objection is overruled. Whether to hold a hearing was within the Magistrate Judge's discretion and the court agrees that here, no hearing was required to decide the Motions to Dismiss, as oral argument would not have aided the resolution of legal issues. *Accord, e.g.*, *United States v. Martin*, 817 F. App'x 180, 184–85 (6th Cir. 2020) ("[W]hether to hold oral argument 'is a case-specific decision within the scope of the district court's discretion.'" (quoting *United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020))); *see also* Fed. R. Civ. P. 78(b).

The court also rejects the objection based on the Magistrate Judge's having supposedly accepted the defendants' "evidence" but rejected the plaintiff's. The court has reviewed the R&R and finds it apparent that the Magistrate Judge did not rely on evidence outside the record. To the extent he may have referenced any such evidence, it consisted of court filings and public records of which a court may take judicial notice without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." (citation omitted)); *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." (citation omitted)).

The plaintiff's other objections within Objection 1 are either too vague to qualify as "proper" objections, Fed. R. Civ. P. 72(b)(3), or are addressed below.

*Objection 2: The Magistrate Judge deleted "jury demand" designation from the case caption.*

The Magistrate Judge's omission of "jury demand" from the case caption has no effect on the plaintiff's having previously made that designation and, moreover, has nothing to do with his recommended ruling on any of the pending motions. This objection is overruled.

*Objection 3: The Magistrate Judge failed to recognize one of the ten named defendants.*

The plaintiff objects to the Magistrate Judge's identification of nine named defendants, rather than ten, and contends that he failed to recognize or address the claims against the Tennessee "Administrative Offices of the Court(s)" ("AOC"). As set forth above, this "defendant" is designated in the SAC as "STATE OF TENNESSEE as Administrator/ Administrative Offices of the Court(s) for the State of Tennessee." (SAC at 1; *see also id.* at 11 (referencing the "DEFENDANT STATE OF TENNESSEE as Administrator/Administrative Offices of the Court(s) for the State of Tennessee").) In other words, the SAC identifies the AOC as a subdivision of the State rather than as a separate defendant. Regardless, the SAC does not allege facts setting forth any claim at all against the AOC, and, even if it did, the AOC, as an arm of the state, is entitled to sovereign immunity to the same extent as the State itself. *Accord Morgan v. Bd. of Pro. Resp.*, 63 F.4th 510, 515 (6th Cir. 2023) ("This amendment [the Eleventh Amendment] grants sovereign immunity to the states in most cases . . . . Such immunity also extends to departments and agencies that are arms of the state, as well as state officers acting in their official capacity." (internal citations omitted)).

To the extent the Magistrate Judge erred in failing to construe the SAC as identifying the AOC as a separately named defendant, such error was harmless, because any claim against the AOC is subject to dismissal based on sovereign immunity. The objection, therefore, is overruled.

*Objection 5: The Magistrate Judge "Falsely alleges Plaintiff failed to timely exercise her right to Appeal."*

The plaintiff, in fact, alleges in the SAC:

The denial of Plaintiff to attend and have access to public records from proceedings of which she was both a member of the public and the subject of the proceeding, violated this Plaintiff's legal right to get these records to timely pursue her appellate rights to file interlocutory appeals to attempt to mitigate the damages being routinely forced upon her by Judge Blackburn's incompetence.

(SAC at 19–20.) This is the allegation cited by the R&R at page 12, footnote 10. The plaintiff can hardly fault the Magistrate Judge from paraphrasing her own words that indicate that she was prevented from pursuing a timely appeal.

Regardless, the question of whether the plaintiff did or did not appeal her perjury convictions is largely irrelevant to the resolution of her claims in this court. What is relevant is that she cannot appeal them *here*, in this court. *See United States v. Myles*, No. 17-3817, 2019 WL 12059384, at *2 (6th Cir. Feb. 21, 2019) ("The *Rooker-Feldman* doctrine 'bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court.'" (quoting *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004))). The Magistrate Judge correctly recognized as much. (*See* Doc. No. 80 at 12 ("[A] pseudo-appeal of Plaintiff's criminal conviction is also not for consideration today.").) This objection is overruled as without merit.

*Objection 6: "The Magistrate fails to acknowledge, omits and disregards all references to the statutory violations in sentencing presented in Plaintiff's Response, concealing Plaintiff's claim on this issue from the Court."*

The plaintiff objects to the R&R's purported failure to acknowledge her claim based on the state trial court's failure to "schedule a timely sentencing hearing in violation of T.C.A. § 40-35-209." (Doc. No. 87 at 106.) The court has searched the SAC without locating any such claim. In any event, the R&R does recognize the plaintiff's claim that *Housel* intentionally caused delays in the state court proceedings, in violation of the plaintiff's constitutional rights. (*See, e.g.*, Doc. No.

80 at 18.) The R&R also explains why the claims against Housel in her individual capacity are barred by absolute prosecutorial immunity—an issue the plaintiff does not address. This objection is overruled.

> *Objection 7: "The Magistrate misrepresents and disregards violations of Plaintiff's constitutional rights claims and falsely alleges Plaintiff failed to timely appeal the criminal court proceedings and wrongful conviction."*

The plaintiff first takes issue with this statement in the R&R: "While the court is aware of Plaintiff's disagreement with the adverse determination at the state trial court level, this Court is not the appropriate venue for appellate processes." (Doc. No. 87 at 108 (quoting Doc. No. 80 at 25).) The plaintiff finds this statement "inappropriately condescending in a professional setting." (*Id.*) But the court reiterates its prior statements that an appeal of the plaintiff's state criminal conviction in this court is barred by the *Rooker-Feldman* doctrine and that the plaintiff's claims against Housel for allegedly violating her constitutional rights are barred by prosecutorial immunity. This objection is overruled.

> *Objection 8: The R&R mischaracterizes the plaintiff's claims.*

The plaintiff takes issue with a footnote in the R&R, in which the Magistrate Judge states: "The decision to prosecute and subsequent plea deal appears to be the basis for Plaintiff's allegations of extortion and coercion, threat and intimidation, and harassment (Doc. No. 36 at 10)." (*See* Doc. No. 87 at 110 (citing Doc. No. 80 at 18 n.15).) The plaintiff takes issue with this "assumption" as "pure speculation." (*Id.*) But she does not otherwise clearly explain the basis for her extortion, coercion, threat and intimidation, and harassment claims. Regardless, the plaintiff has not shown that the Magistrate Judge's recommended dismissal of these claims, however they are characterized, is erroneous.

*Objection 9: The R&R mischaracterizes the Judicial Diversion as a "plea deal."*

The R&R makes a single reference, in one footnote, to a "plea deal." (Doc. No. 80 at 18 n.15.) The plaintiff objects to the Magistrate Judge's use of the term "plea deal" as another example of the Magistrate Judge's "substituting yet another legal term to describe the **sentence** imposed on Plaintiff," and she contends that a judicial diversion sentence "never was and cannot suddenly be recategorized" as a "plea deal." (Doc. No. 87 at 113.) Regardless, this single footnoted reference clearly had no effect on the Magistrate Judge's treatment of the substantive claims against defendant Housel. This objection is overruled.

*Objection 10: "The Magistrate attempts to rehabilitate the mental incompetence of the trial court judge . . . ."*

According to the plaintiff, the Magistrate Judge improperly inserts "personal opinion" into the R&R when he states in a footnote:

> The Court notes that the trial court judge that prohibited inclusion of the unlawful seizure matter in the perjury matter is the same judge that Plaintiff claims to be mentally incompetent and, thus, incapable of maintaining her docket or instituting valid court orders.

(Doc. No. 80 at 18 n.16 (citing SAC at 23).) The plaintiff characterizes this comment as an example of the Magistrate Judge's "attempts to substitute his guesses, perceptions and assumptions of facts not in evidence to attempt to discredit Plaintiff's claims about Judge Blackburn's mental incompetence." (Doc. No. 87 at 118.)

In fact, the R&R does not address the plaintiff's "claims about Judge Blackburn's mental incompetence" at all, other than to point out, in footnote 16, some inconsistency in the plaintiff's position. Regardless, again, the Magistrate Judge does not recommend any ruling on the merits of the plaintiff's claims, the plaintiff's suggestions to the contrary notwithstanding, and the comment

in footnote 16 has effectively no bearing on his recommended disposition of the Motions to Dismiss. This objection is overruled.

> *Objection 13: "The Magistrate's misrepresentations, improper attempts to rehabilitate the trial court judge's mental incompetence as to her ruling prohibiting introduction of the [underlying theft lawsuit] and [mortgage fraud cases] in the criminal court proceedings, is patently false and directly contradicted by facts in the record negating Magistrate's assumption of facts not in evidence."* (Doc. No. 87 at 137.)

Here, the plaintiff again objects to the same footnote that is the topic of Objection 10. She argues that the footnote is "another instance" of the Magistrate Judge's refusal to consider any of the plaintiff's seventeen exhibits attached to her Omnibus Response to the defendants' Motions to Dismiss. She complains that, if he had read any of her exhibits, specifically Exhibit 2 (attached to her Objections as Exhibit 3),[9] he would have seen that her exhibit "irrefutably proves [the state court judge] was mentally incompetent." (Doc. No. 87 at 137.)

The trial judge's mental competence (or lack thereof) is simply irrelevant to the validity of the plaintiff's claims against the named defendants in this case. This objection is overruled.

> *Objection 14: The Magistrate Judge "assumes facts not in evidence for the purpose of overriding documented facts . . . ."* (Doc. No. 87 at 144.)

The plaintiff takes issue with yet another footnoted comment in the R&R. In Note 17, the Magistrate Judge observes that "[t]he decision to prosecute Plaintiff for perjury and alleged strategic delays during the pendency of the perjury matter appear to be the only basis for Plaintiff's allegations of tortious interference with Plaintiff's business." (Doc. No. 80 at 18 n.17 (citing SAC at 4, 6, 9).) The plaintiff objects that, in fact, the SAC makes it clear that the *theft* that is the subject

---

[9] Exhibit 3 to the plaintiff's Objections consists of copies of her 73-page Amended Motion to Vacate Verdict filed in state court on April 8, 2025, with attached exhibits. (Doc. No. 87-4.) In her motion, she purports to quote from portions of the trial transcript. (*See id.* at 65–72.)

of the theft case is what "caused damages and losses of her pending business agreements." (Doc. No. 87 at 144 (quoting SAC at 6).)

The Magistrate Judge did not err in attempting to construe the plaintiff's confusing, sprawling, and lengthy pleading. Regardless, the SAC fails to allege facts that support a state law claim for tortious interference with business prospects. This objection is overruled.

*Objection 17: The Magistrate Judge should have converted the Motions to Dismiss into summary judgment motions.*

The plaintiff continues to maintain that the Magistrate Judge improperly considered documents extrinsic to the record that were filed by the defendants. She argues that, because he did so, he was required to convert the Motions to Dismiss into motions for summary judgment, in accordance with Federal Rule of Civil Procedure 12(d). (Doc. No. 87 at 153.)

The plaintiff does not actually identify any document introduced by the defendants that the Magistrate Judge considered in making his recommendations as to the disposition of the defendants' Motions to Dismiss, nor has she shown that any particular document on which the *defendants* rely falls outside the categories of documents properly considered on a motion to dismiss under Rule 12. Because the objection is insufficiently specific, it is overruled. The court further finds, on *de novo* review of the record, that the Magistrate Judge did not improperly rely on any extrinsic documents.

*Objection 18: The Magistrate Judge erred in finding that any defendant is entitled to qualified immunity.*

Citing *Chrestman ex rel. Wooden v. Metropolitan Government of Nashville & Davidson County*, 156 F.4th 694 (6th Cir. 2025), the plaintiff argues very generally that none of the defendants is entitled to qualified immunity.

*Chrestman*, however, is irrelevant here, because the Magistrate Judge did not recommend granting any defendant's Motion to Dismiss on qualified immunity grounds. Rather, the Magistrate

Judge found that the State (and implicitly, the AOC as a state agency) is entitled to sovereign immunity under the Eleventh Amendment; that defendant Housel, sued in her official capacity, is likewise entitled to sovereign immunity; that Housel is entitled to absolute prosecutorial immunity for the claims against her in her individual capacity, because the allegations against her concern only actions "'intimately associated with the judicial phase of the criminal process' and within the scope of the prosecutor's traditional advocacy function" (Doc. No. 80 at 18 (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997))); that Barbara Lattimer, to the extent any claim against her is based on her preparation of a victim impact statement, is entitled to absolute witness immunity (*id.* at 15); and that McBride, insofar as the plaintiff contends that he gave perjured testimony against her, is likewise entitled to witness immunity (*id.* at 15–16). The plaintiff makes no effort to show that the Magistrate Judge erred in recommending these types of immunity, and the court discerns no error.

### 1. Conclusion – Motions to Dismiss

The court has reviewed the SAC and the Motions to Dismiss and finds that the Magistrate Judge correctly concluded that the claims against all defendants are subject to dismissal. The R&R's recommendations will be accepted in their entirety, and the claims dismissed as proposed therein. This ruling will result in the dismissal of the SAC in its entirety.

## V.   REMAINING MOTIONS

Several other motions remain to be addressed: the plaintiff's Motion to Amend and Motion to Consolidate (Doc. Nos. 56 and 57), which the plaintiff filed together and the Magistrate Judge addressed together, her Motion for Substitution (Doc. No. 75), and her Motion for Injunctive Relief (Doc. No. 54).

The court finds that the plaintiff's Motion to Amend is properly denied because (1) she did not file a proposed amended pleading with her motion, as required by L.R. 15.01(a); and (2) the

plaintiff has already amended her complaint twice and, even taking into consideration the totality of the plaintiff's allegations in the documents filed with her Omnibus Response to the Motions to Dismiss and her Objections to the R&R, it is clear that any additional attempts to amend her pleading would be futile. Her Motion to Amend, therefore, will be denied.

The granting of the Motions to Dismiss and denial of the Motion to Amend together render moot all other pending motions, including the Motion to Consolidate, the Motion to Substitute, and the Motion for Injunctive Relief. The plaintiff's Objections to the denial of any of these motions are overruled, and the court will deny these motions on the grounds of mootness.[10]

## VI.    CONCLUSION

For the reasons set forth herein, defendant Cole's Motion to Strike (Doc. No. 64) will be denied; the plaintiff's Motion to Strike (Doc. No. 94) will be denied; and the plaintiff's Motion for Leave to Present New Evidence Material to Plaintiff's Objections (Doc. No. 89), Motion to Supplement Plaintiff's Motion for Leave to Present New Evidence (Doc. No. 91), and Motion for Second Supplement to Plaintiff's Motion for Leave to Present New Evidence (Doc. No. 97) will be denied.

The court will overrule the plaintiff's Objections (Doc. No. 87) to that portion of the R&R addressing the defendants' Motions to Dismiss and will grant the Motions to Dismiss (Doc. Nos. 38, 45, 46, 47, 52), dismissing all claims against all defendants. The court will accept the R&R's legal conclusions in their entirety, *except* that the claims against Metro premised on its employment

---

[10] To be clear, this ruling does not have any effect on the theft case, which remains administratively closed, the court having denied as premature the plaintiff's August 2025 motion to reopen that case, on the grounds that the plaintiff had not established that the pending criminal charges against the plaintiff had been "finally disposed of" as of that time. Order, *Russell v. Tanner*, No. 3:20-cv-1028 (M.D. Tenn. Aug. 29, 2025), ECF No. 179. The plaintiff, if she can make that showing, remains free to attempt to reopen and pursue the claims in that case.

of Bills and Steinle will be dismissed for lack of standing, the claims against Metro premised on its employment of McBride will be dismissed for failure to state a claim for which relief may be granted rather than on sovereign immunity grounds (*see* Note 8, *supra*), and the claims barred by prosecutorial or witness immunity will be dismissed under Rule 12(b)(6) rather than for lack of subject matter jurisdiction. *Accord Alexander v. Harrison*, No. 21-1828, 2022 WL 13983651, at *3 (6th Cir. Oct. 24, 2022) (affirming the district court's Rule 12(b)(6) dismissal based on prosecutorial immunity).

The plaintiff's Motion to Amend (Doc. No. 56) will be denied for failure to comply with L.R. 15.01 and as futile. The plaintiff's Motion for Injunctive Relief (Doc. No. 54), Motion to Consolidate Related Cases (Doc. No. 57), and Motion for Substitution of Defendants (Doc. No. 75) will be denied as moot.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge